# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | | |
| **TRINSIC, INC., et al.,** | ) | **Bankruptcy Case No. 0710324** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |
| ------------------------------------------- | ) | |
| | ) | **Adversary Case No. 07-1089** |
| **MICHAEL C. REIBLING, Trustee of the** | ) | |
| **Estate of Trinsic, Inc., Trinsic** | ) | |
| **Communications, Inc., Touch 1** | ) | |
| **Communications, Inc., Z-Tel Network** | ) | |
| **Services, Inc., and Z-Tel Consumer, LLC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 08-00120-CG-B** |
| | ) | |
| **THERMO CREDIT, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the court on the motion of Thermo Credit, LLC ("Thermo") to

withdraw reference of the case pursuant to 28 U.S.C. § 157(d) and FED. R. CIV. P. 501(a) (Doc.

9)[1], the objection thereto of Michael Reibling, Trustee of the Estate of Trinsic, Inc., Trinsic

Communications, Inc., Touch 1 Communications, Inc., Z-Tel Network Services, Inc., and Z-Tel

Consumer Services, LLC ("the Trustee") (Doc. 19), and the Report and Recommendation of the

Bankruptcy Court for the Southern District of Alabama (Docs. 19, 20).  No objections were filed

---

[1] Within this Order, the court cites to all documents by using the bankruptcy court's
adversary docket numbers.   All of the relevant documents were consolidated into one docket
entry in this court and can be found in Doc. 1 of this civil case.

to the bankruptcy court's Report and Recommendation.  The court agrees with the findings and

conclusions of the bankruptcy court and therefore **ADOPTS** the bankruptcy court's Report and

Recommendation and **GRANTS** the motion to withdraw reference of this case as to all claims,

except the accounting claims in Counts 9 and 10, but will delay the withdrawal until the

bankruptcy court certifies that the case is ready for trial.

## DISCUSSION

The issue before the court arises from Thermo's assertion of a right to trial by jury in its

answer and counterclaim.  Thermo moves for withdrawal of reference of the case to permit its

claims to be tried by jury in district court.  As stated by the bankruptcy court, this court may

withdraw referral of a case (in whole or in part) on its own motion or by timely motion by a

party for "cause." 28 U.S.C. § 157(d).  Bankruptcy courts do not have authority to conduct jury

trials unless the parties consent, and as Thermo does not consent,[2] any jury trial in this case

would have to be tried in this court. 28 U.S.C. § 157(e).  The parties dispute whether Thermo has

retained a right to jury under the circumstances.

There appears to be little dispute that the accounting claims sought in counts 9 and 10 are

strictly equitable claims to which no right to trial by jury attaches.[3]  However, Thermo's

---

[2] The court notes that plaintiffs dispute whether Thermo has denied consent, raising
equitable estoppel issues.  The court will discuss these issues infra in the context of a potential
waiver of Thermo's right to jury.  The court finds infra that Thermo did not waive its right to
jury by consenting to jurisdiction during the prior hearing.  The court further finds that Thermo
has not consented to a jury trial in the bankruptcy court for the same reasons for which equitable
estoppel does not mandate waiver of Thermo's general right to jury.

[3] In Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782 (1989), the Supreme
Court found that to determine wether a party is entitled to a jury trial, the court must determine
whether the claim sought is a legal or equitable one. Id. at 42 (citation omitted).  "The United
States Supreme Court has long recognized that, as a general rule, monetary relief is legal in

remaining claims seek monetary relief and are, therefore, legal in nature.  The bankruptcy court

found that Thermo has a right for these remaining claims to be tried by jury under the

circumstances.   Plaintiffs assert that Thermo consented to the jurisdiction of the bankruptcy

court during a hearing held on March 22, 2007, and further assert that Thermo's filing of a

counterclaim in the adversary case constitutes consent to the jurisdiction of the bankruptcy court.

Plaintiffs contend that. at a hearing on March 22, 2007, Thermo consented to the

jurisdiction of the bankruptcy court, thereby consenting to trial of its adversary proceeding in the

bankruptcy court.  Plaintiffs contend that Thermo is equitably estopped from electing to litigate

in a different forum.  At the hearing, Thermo stated that "[w]e are happy to submit ourselves to

the jurisdiction of this Court and if and when any adversary proceeding is filed, we won't argue

about jurisdiction, we'll – it'll happen right here."  However, after reviewing the statements and

considering the context, the court agrees with the bankruptcy court that Thermo did not

intentionally and knowingly consent to waive its right to a jury trial as to the adversary claims

asserted here, which were filed eight months after the hearing.   As stated by the bankruptcy

court,  any waiver of a Constitutional right must be clearer than the waiver evidenced by

Trinsic's counsel's statements.

The court also finds that Thermo's filing of a counterclaim did not constitute consent to

the adjudication of its claims by the bankruptcy court.  When a party submits a proof of claim in

a bankruptcy case, he voluntarily subjects himself to the bankruptcy court's equitable power and

---

nature, and that claims for such relief give rise to a right to trial by jury. Control Center, L.L.C.
v. Lauer, 288 B.R. 269, 278 (M.D. Fla. 2002) (citing Feltner v. Columbia Pictures Television,
Inc., 523 U.S. 340, 352 (1998)).  Thus, as the bankruptcy court found, the accounting claims in
counts 9 and 10 are strictly equitable claims which seek no monetary recovery and therefore
have no right to jury trial attached.

is deemed to have waived his right to jury. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 59, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).  However, Thermo did not file a proof of claim in Trinsic's bankruptcy case, but  filed an answer/counterclaim and third-party complaint in the adversary case within Trinsic's bankruptcy case.  The claims asserted by Thermo are permissive under the Federal Rules of Bankruptcy but would be compulsory under the Federal Rules of Civil Procedure. See FED. R. CIV. P. 13 and FED. R. BANKR. P. 7013.  The bankruptcy court noted that a majority of courts find that the filing of a counterclaim submits the party making the claim to the equitable jurisdiction of the bankruptcy court, thereby divesting the party of its right to a trial by jury.  Some courts, however, conclude that a party does not waive its right to a jury trial or submit to the jurisdiction of the bankruptcy court simply by bringing a counterclaim that is permissive under the bankruptcy rules but that would have been compulsory under the Federal Rules of Civil Procedure. See e.g. Control Center, L.L.C. v. Lauer, 288 B.R. 269 (M.D. Fla. 2002); NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905 (D. Del. 1996); Beard v. Braunstein, 914 F.2d 434 (3d Cir. 1990).  By statute, the bankruptcy rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.  Thus, the bankruptcy court found, and this court agrees, that the fact that the claims are permissive under the Federal Rules of Bankruptcy does not divest Thermo of it's right to a jury trial.

The bankruptcy court found that these claims are legal claims (rather than equitable) that are compulsory under the Federal Rules of Civil Procedure and that do not trigger the claims allowance or disallowance process of the bankruptcy estate.  Thermo's claims only request indemnity and/or reimbursement under the receivables agreement for any amounts it may be required to pay Trinsic.  Thermo has not filed a proof of claim and its counterclaims raise no new

stand-alone claims against the estate.   Upon a de novo review of Thermo's motion and the

opposition to it,  and a review of the proceedings in the bankruptcy matter, the court agrees with

the analysis and conclusion of the bankruptcy court.

### CONCLUSION

For the reasons stated above, the court hereby **ADOPTS** Judge Mahoney's

recommendation and **GRANTS** the motion to withdraw reference of this case as to all claims

except the accounting claims in Counts 9 and 10, but delays the withdrawal until the bankruptcy

court certifies that the case is ready for trial.  Upon certification by the Bankruptcy Court that the

parties are ready for trial, the court will withdraw the reference.

**DONE and ORDERED** this 18th day of March, 2008.


            /s/   Callie V. S. Granade
            CHIEF UNITED STATES DISTRICT JUDGE